# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| RODERICK L. REED,<br><br>                    Plaintiff,<br><br>vs.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC. and CREDIT ACCEPTANCE CORPORATION,<br><br>                    Defendants. | Case No. _____<br><br>COMPLAINT FOR VIOLATIONS OF THE FAIR CREDIT REPORTING ACT<br><br>JURY TRIAL DEMANDED |

Plaintiff Roderick L. Reed ("Plaintiff"), by and through the undersigned counsel, hereby alleges the following against defendants Experian Information Solutions, Inc. ("Experian") and Credit Acceptance Corporation ("CAC") (collectively, "Defendants"), based upon Plaintiff's personal knowledge, the investigation of counsel, and information and belief, as follows:

## PRELIMINARY STATEMENT

1. This is an action to recover damages for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq.*

2. Defendant Experian has been reporting inaccurate information on Plaintiff's CAC account. Plaintiff had previously defaulted on an auto financing loan, which caused Plaintiff's car to be repossessed. Nevertheless, Defendants reported misleading and inaccurate information suggesting that Plaintiff was the subject of multiple discrete repossessions. Plaintiff submitted a dispute through Experian's FCRA compliance department. Defendants, however, failed to remove the misleading repossession notations.

3. This reporting was materially misleading and caused Plaintiff's credit score to suffer.

4. As a result of Defendants' misconduct, Plaintiff has suffered actual damages in the form of lost credit opportunities, harm to credit reputation and credit score, and emotional distress. Accordingly, Plaintiff is entitled to damages.

## PARTIES

5. Plaintiff resides in St. Louis County, Missouri, and qualifies as a "consumer" as defined and protected by the FCRA. Plaintiff is an individual, not an entity.

6. Defendant Experian is a foreign corporation that regularly conducts business in this District. Experian qualifies as a "consumer reporting agency" under the FCRA.

7. Defendant CAC is a foreign corporation that regularly conducts business in this District. CAC qualifies as a "furnisher" of credit information under the FCRA.

## JURISDICTION AND VENUE

8. The claims asserted in this complaint arise under §§ 1681e, 1681i, and 1682s of the FCRA. This Court has jurisdiction over the subject matter of this action under 28 U.S.C. § 1331 and 15 U.S.C. § 1681p.

9. Venue is proper in this District under 28 U.S.C. § 1391(b).

## STATEMENT OF FACTS

**A.      The FCRA**

10. The FCRA is a federal statute designed to protect consumers from the harmful effects of inaccurate information contained in their consumer credit reports. Thus, Congress enshrined the principles of "fair and accurate credit reporting" and the "need to ensure that consumer reporting agencies exercise their grave responsibilities with fairness" in the very first provision of the FCRA. *See* 15 U.S.C. § 1681a.

11. To that end, the FCRA imposes the following twin duties on consumer reporting agencies (or credit bureaus): (i) credit bureaus must devise and implement reasonable procedures

to ensure the "maximum possible accuracy" of information contained in consumer reports; and (ii) credit bureaus must reinvestigate the facts and circumstances surrounding a consumer's dispute and appropriately and timely correct any inaccuracies.

12. In addition, credit bureaus must promptly notify the furnisher and any other parties in the distribution chain of the disputed inaccuracies. Section 1681s-2(b) requires a furnisher, upon receiving a consumer's dispute, to conduct an investigation, mark the accounts as disputed, and update the reporting if necessary.

13. Plaintiff has a legally protected interest in Defendants fulfilling their duties under the FCRA.

### B. Defendants Reported Misleading and Inaccurate Information Indicating Multiple Repossessions and Failed to Correct the Reporting in Response to Plaintiff's Dispute.

14. Plaintiff had previously experienced financial hardship and defaulted on an auto financing loan. As a result, Plaintiff's car was repossessed.

15. In June 2020, Plaintiff obtained a copy of her Experian credit report and learned that Experian was issuing credit reports indicating that Plaintiff's past delinquency had resulted in multiple repossessions of Plaintiff's collateral. Specifically, "RF" notations were added to Plaintiff's CAC tradeline for 19 months between November 2018 to May 2020.

16. This reporting conveyed that Plaintiff's delinquency was so substantial that it required the lender to repossess multiple different items of collateral, or to possess the same item on multiple occasions.

17. On July 1, 2020, Plaintiff submitted a written dispute through Experian's FCRA compliance department requesting an investigation and removal of the misleading "RF" notations.

18. Upon receiving Plaintiff's dispute letter, Experian was statutorily obligated to notify the furnisher, defendant CAC, of the dispute within 5 days.

19. The receipt of Plaintiff's dispute letter triggered Equifax's and CAC's statutory obligations to conduct an investigation, mark the account as disputed, and remove the misleading and negative "RF" notations from Plaintiff's account.

20. Defendants, however, failed to conduct an investigation, and failed to remove the erroneous "RF" notations. This report of the "RF" notations was materially misleading and caused Plaintiff's credit score to suffer.

21. Accordingly, Plaintiff is entitled to statutory damages, actual damages, punitive damages, and attorney's fees and expenses.

## CAUSES OF ACTION

## COUNT I

### Against Experian for Violating 15 U.S.C. § 1681e and 1681i

22. Plaintiff repeats and realleges the foregoing allegations if set forth in full herein.

23. The FCRA imposes a duty on credit reporting agencies to devise and implement procedures to assure the "maximum possible accuracy" of credit reports. *See* 15 U.S.C. § 1681e(b).

24. Upon receiving a consumer's dispute, credit bureaus are legally required to conduct an investigation and correct the disputed information contained in the report. *See id.* § 1681i.

25. Experian failed to follow reasonable procedures to ensure maximum possible accuracy of the information reported on Plaintiff's credit reports.

26. Although Plaintiff disputed the inaccurate information in writing, Experian willfully, or at least negligently, failed to perform a reasonable investigation and failed to remove the inaccurate "RF" notations. Had it performed a reasonable investigation, Experian would have

4

determined that the repossession information as reported by CAC was inaccurate and should be omitted from its credit reporting.

27. Experian's willful and/or negligent failure to follow reasonable policies and procedures was a direct and proximate cause of Plaintiff's injury.

28. As a result of Experian's statutory violations, Plaintiff suffered statutory and actual damages as described herein and is entitled to recover statutory, actual, and punitive damages under 15 U.S.C. § 1681n and § 1681o.

## COUNT II
### Against CAC for Violating 15 U.S.C. § 1681s-2(b)

29. Plaintiff repeats and realleges the foregoing allegations if set forth in full herein.

30. Upon receiving notice of a dispute from a credit reporting agency, furnishers are required to conduct an investigation and correct the misleading information as necessary. *See* 15 U.S.C. § 1681s-2(b)(1)(A-C).

31. Where an investigation finds that the information is incomplete or inaccurate, a furnisher must report those results to all other consumer reporting agencies to which the furnisher furnished the information. *See* 15 U.S.C. § 1681s-2(b)(1)(D).

32. CAC failed to conduct a timely and reasonable investigation of Plaintiff's dispute after receiving notice thereof from Experian.

33. Instead of removing the inaccurate information, CAC improperly verified that the reporting was accurate.

34. CAC failed to report the results of its investigation to Experian, as required by 15 U.S.C. § 1681s-2(b)(1)(D).

35. As a result of CAC's misconduct, Plaintiff suffered actual damages in the form of lost credit opportunities, harm to credit reputation and credit score and emotional distress.

36. CAC's conduct was a direct and proximate cause of Plaintiff's damages.

37. As a result of CAC's statutory violations, Plaintiff suffered statutory and actual damages as described herein and is entitled to recover statutory, actual, and punitive damages under 15 U.S.C. § 1681n and § 1681o.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands a judgment:

a) awarding Plaintiff statutory money damages, actual damages, and punitive damages, including pre-judgment and post-judgment interest;

b) awarding attorney's fees and costs, and other relief; and

c) awarding such other relief as to this Court may seem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

DATED: June 10, 2021              **COHEN & MIZRAHI LLP**

                                   */s/ Edward Y. Kroub*
                                   EDWARD Y. KROUB
                                   300 Cadman Plaza West, 12th Floor
                                   Brooklyn, NY 11201
                                   Telephone: 929/575-4175
                                   Fax: 929/575-4195
                                   ekroub@cmlattorneys.com

                                   *Attorney for Plaintiff*